[Cite as *State v. Howell*, 2013-Ohio-2979.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2012 AP 11 0068 |
| TRACY A. HOWELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
                              Pleas, Case No.  2012 CR 06 0134


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       July 9, 2013


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

MICHAEL J. ERNEST                       RODNEY A. BACA
ASSISTANT PROSECUTOR                    SCHNARS, BACA & INFANTINO
125 East High Avenue                    610 Market Avenue North
New Philadelphia, Ohio  44663           Canton, Ohio  44702

*Wise, J.*

{¶1}   Appellant Tracy A. Howell appeals his sentence and conviction on two counts of trafficking in drugs following a bench trial in the Tuscarawas Court of Common Pleas.

{¶2}   Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶3}   On June 8, 2012, the Tuscarawas County Grand Jury filed an Indictment against Appellant Tracy A. Howell charging him with two counts of trafficking in drugs, in violation of R.C. 2925.03, a felony of the fourth degree and a felony of the fifth degree.

{¶4}   Count one of the indictment alleged that on September 13, 2011, Appellant engaged in the sale or offered to sell Cocaine. Count two of the indictment alleged that Appellant either sold or offered to sell a Schedule II controlled substance, Oxycodone, in violation of R.C. 2925.03(A)(1).

{¶5}   On August 28, 2012, a bench trial commenced in this matter.

{¶6}   At the trial, the State presented testimony from its confidential informant, James Hanshaw, Jr. (T. at 22). Hanshaw stated that in September, 2011, he worked as a confidential informant for the LEAD Task Force. *Id.* Hanshaw stated that he was provided $250.00 to purchase powder cocaine from Appellant. (T. at 31). According to Hanshaw, he spoke with Appellant on September 13, 2011, and asked Appellant if he had "anything". (T. at 27). Appellant replied that he could supply Hanshaw with powder Cocaine. (T. at 29). Prior to the sale taking place, Hanshaw contacted Appellant and advised him that he and another man were ready to make the purchase of the Cocaine, and that he should come over to his apartment. (T. at 29). A short time later, Appellant

appeared at Hanshaw's apartment, sat down at a table with him, and exchanged money for a white powder substance. (T. at 30).

{¶7} Subsequently, the substance was tested at B.C.I. & I., and it was determined that it was not a controlled substance.

{¶8} At the trial, Appellant testified that the substance he exchanged during the transaction was crushed aspirin that Hanshaw provided him. Appellant stated he was allegedly approached by Hanshaw and was told that if he sold him the crushed aspirin for $300.00, the two of them would be able to split the money. Appellant did not produce any evidence to corroborate his story.

{¶9} At trial, Appellant admitted to selling Oxycodone as alleged in the indictment.

{¶10} Following the bench trial, both sides submitted written closing summations. The Court later issued a Judgment Entry on September 13, 2013, finding Appellant guilty on both counts of trafficking in drugs.

{¶11} Appellant now appeals, assigning the following error for review:

**<u>ASSIGNMENT OF ERROR</u>**

{¶12} "I. THE EVIDENCE REGARDING THE SEPTEMBER 2011 SALE IS INSUFFICIENT TO SUSTAIN THE CONVICTION AND THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF EVIDENCE."

**I.**

{¶13} In his sole Assignment of Error, Appellant argues that his conviction is against the manifest weight and sufficiency of the evidence. We disagree.

{¶14} Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.; see also McDaniel v. Brown,* 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry,* 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010–Ohio–1017, ¶ 146; *State v. Clay,* 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶ 68.

{¶15} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins,* 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668, 1997–Ohio–355. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis sic.) *Id.* at 387, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed.1990) at 1594.

{¶16} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting

testimony. *Id.* at 387, 678 N.E.2d 541, quoting *Tibbs v. Florida,* 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely substitute its view for that of the jury, but must find that " 'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins, supra*, 78 Ohio St.3d at 387, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist.1983). Accordingly, reversal on manifest weight grounds is reserved for " 'the exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*

{¶17} "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

{¶18} * * *

{¶19} "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶20} Appellant was charged and convicted of two counts of trafficking in drugs, pursuant to R.C. §2925.03(A)(1), which provides:

{¶21} "(A) No person shall knowingly do any of the following:

{¶22} "(1) Sell or offer to sell a controlled substance;"

{¶23} At trial, the trial court heard testimony from the State's confidential informant and viewed a video of Appellant in the C.I.'s apartment. Further, Appellant

himself admitted he sold crushed baby aspirin and Oxycodone pills to the C.I. (T. at 106, 109).

**{¶24}** Appellant argues that the testimony of the C.I. in this case is suspect and that he was "set up" by the C.I. in this case prior to the sale.

**{¶25}** Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.' " *State v. Pallai,* 7th Dist. No. 07 MA 198, 2008–Ohio–6635, *quoting State v. Woullard,* 158 Ohio App.3d 31, 2004–Ohio–3395. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke,* 7th Dist. No. 99 CA 149, 2002–Ohio–1152, at ¶ 13, *citing State v. Gore,* 131 Ohio App.3d 197, 201, 722 N.E.2d 125(1999).

**{¶26}** The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter,* 131 Ohio St.3d 67, 2011–Ohio–6524, 960 N.E.2d 955, ¶ 118. *Accord, Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger,* 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

**{¶27}** Here, the trial court, as the finder of fact, was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the [finder of fact] may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the

manifest weight or sufficiency of the evidence". *State v. Craig,* 10th Dist. No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens,* 10th Dist. No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the [judge] need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver,* Franklin App. No. 02AP–604, 2003–Ohio–958, ¶ 21, citing *State v. Antill,* 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke,* 10th Dist. No. 02AP–1238, 2003–Ohio–2889, citing *State v. Caldwell* (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992).

**{¶28}** "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

**{¶29}** "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting* 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

**{¶30}** Further, in the instant case, Appellant clearly could be convicted of violating R.C. §2925.03(A)(1) for offering to sell cocaine, even though the substance was actually aspirin, not cocaine. The Ohio Supreme Court has held that a conviction for R.C. §2925.03(A)(1) can stand despite the fact that the substance offered as cocaine was actually baking soda. *State v. Chandler,* 109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234, ¶ 9. *See also, State v. Cooper*, 5th Dist. 11CA0125, 2012-Ohio-3058.

**{¶31}** Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Appellant had committed the crimes charged.

**{¶32}** We hold, therefore, the State met its burden of production regarding each element of the crimes and, accordingly, there was sufficient evidence to support Appellant's convictions.

**{¶33}** Appellant's sole Assignment of Error is overruled.

**{¶34}** For the foregoing reasons, the decision of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0612

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                   :
                                                :
    Plaintiff-Appellee                      :
                                                :
-vs-                                            :                JUDGMENT ENTRY
                                                :
TRACY A. HOWELL                                 :
                                                :
    Defendant-Appellant                     :                Case No. 2012 AP 11 0068


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.

Costs assessed to Appellant.


                                      _____


                                      _____


                                      _____

                                                JUDGES