[Cite as *State v. Shackelford*, 2021-Ohio-2757.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | | Hon. William B. Hoffman, J. |
| | : | | Hon. Patricia A. Delaney, J. |
| -vs- | : | | |
| | : | | |
| JOHN P.S. SHACKELFORD, | : | | Case No. 2021 CA 0011 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:             Appeal from the Coshocton County
                                    Court of Common Pleas, Case No.
                                    20CR0091

JUDGMENT:                           Affirmed

DATE OF JUDGMENT:                   August 11, 2021

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

BENJAMIN E. HALL                            E. MARIE SEIBER
Assistant Prosecuting Attorney              Assistant Public Defender
Coshocton County Prosecutor's Office        Coshocton County Public Defender's
318 Chestnut Street                         Office
Coshocton, Ohio 43812                       239 North Fourth Street
                                            Coshocton, Ohio 43812

*Baldwin, J.*

{¶1}   Appellant, John P.S. Shackelford appeals the decision of the Coshocton County Court of Common Pleas denying his motion to dismiss the indictment for two counts of trafficking in methamphetamine, a violation of R.C. 2925.03(A)(1), felonies of the fourth degree pursuant to R.C. 2925.03(C)(1)(a).  Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2}   Shackelford was convicted of two counts of offering to sell a controlled substance, in this case methamphetamine.  He seeks to have his sentence vacated because the substance that he offered to sell was confirmed to be something other than a controlled substance and not methamphetamine.

{¶3}   Shackelford was indicted on July 20, 2020 after allegedly violating R.C. 2925.03(A)(1) on March 25, 2020 and April 10, 2020 by selling or offering to sell methamphetamine to a confidential informant.  He conceded that he offered to sell methamphetamine and that he did sell a substance that appeared to be methamphetamine, but the State's lab analyzed the substance and discovered that the suspected drugs were not methamphetamine or a controlled substance.  The state continued to prosecute the case on the theory that Shackelford violated R.C. 2925.03(1)(a) by offering to sell a controlled substance.

{¶4}   Shackelford moved to dismiss the complaint contending that because the material he sold was not a controlled substance, he could not be convicted of offering to sell a controlled substance. He contends the indictment was defective and that the proper charge was a violation of R.C. 2925.37, Offenses Involving Counterfeit Controlled Substances.  After a hearing, the trial court denied the motion finding that Shackelford

could be charged and convicted of an offer to sell a controlled substance without evidence that he possessed a controlled substance.

> The proposition that a person can be convicted of "offer to sell" a controlled substance when the drug involved is a non-scheduled substance is supported by the holding in State v. Howell, 2013-Ohio-2979, (5th Dist.), citing State v. Chandler, 109 Ohio St.3d 223 (2006). See, State v. Siggers, 2010-Ohio-1353, (9th Dist.), and State v. Diggs, 2018-Ohio-2761, (7th Dist.). In essence, when actual drugs are offered for sale, but a non-controlled substance is recovered, the Defendant can be convicted of trafficking in drugs but no statutory weight aggravator may be applied. In the case at bar, no statutory weight aggravator exists in the indictment.

(Judgment Entry, Feb 5, 2021, p. 2).

{¶5} Shackelford changed his plea to no contest and was found guilty of both counts of aggravated trafficking in drugs. He was sentenced to a definite term of seventeen months on both counts to run concurrently.

{¶6} Shackelford filed an appeal and has submitted one assignment of error:

{¶7} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS THE INDICTMENT AS BEING IMPROPERLY CHARGED."

## STANDARD OF REVIEW

{¶8} Shackelford asks us to review the trial court's denial of a motion to dismiss an indictment and, "[g]enerally, appellate courts conduct a de novo review of a trial court's decision regarding a motion to dismiss an indictment." *State v. Brown*, 4th Dist. No. 17CA3603, 2018-Ohio-2267, 114 N.E.3d 228, ¶ 12. He argues that the trial court

improperly interpreted R.C. 2925.03 to allow conviction and imposition of a prison term, and because the correct interpretation of a statute is a question of law subject to de novo review, we do not defer to a trial court's interpretation. *State v. Pountney*, 152 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶ 20 as quoted in *State v. Coyle,* 5th Dist. Guernsey No. 20CA000019, 2021-Ohio-1027, ¶ 9.

## ANALYSIS

**{¶9}** Shackelford's assignment of error states that "the trial court erred in denying Appellant's Motion to Dismiss the indictment as being improperly charged" contending that the language of R.C. 2925.03 requires proof that the substance offered for sale was a controlled substance and that the indictment should have charged a violation of R.C. 2925.37 which describes offenses regarding counterfeit drugs. He further contends that the sentencing provisions of R.C. 2925.03 contain a second requirement that the state prove that the substance offered for sale contained a controlled substance and, without that proof, he may not be sentenced.

**{¶10}** R.C. 2925.03(A)(1) states that "[n]o person shall knowingly *** [s]ell or offer to sell a controlled substance or a controlled substance analog." The penalty for the violation is dependent on drug involved and, in the case before us, the offense is a felony of the fourth degree:

1) If the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule I or schedule II, with the exception of marihuana, cocaine, L.S.D., heroin, any fentanyl-related compound, hashish, and any controlled substance analog, whoever violates

division (A) of this section is guilty of aggravated trafficking in drugs. The

penalty for the offense shall be determined as follows:

> (a)     Except as otherwise provided in division (C)(1)(b), (c), (d), (e),
> or (f) of this section, aggravated trafficking in drugs is a felony of the
> fourth degree, and division (C) of section 2929.13 of the Revised
> Code applies in determining whether to impose a prison term on the
> offender.

R.C. 2925.03(C)(1)(a).

{¶11} Subsections (C)(1)(b), (c), (d), (e), and (f) described circumstances that

elevate the degree of the offense based upon a finding that the offense occurred near a

school or upon the weight of the drug involved in the transactions.  The charge in this

case was not affected by these sections of the code as the state relied solely upon the

theory that Shackelford offered to sell methamphetamine, regardless of the total weight

of the drug.

{¶12} "A person can "offer to sell a controlled substance" in violation of R.C.

2925.03(A)(1) without transferring a controlled substance to the buyer. * * * The

proscribed conduct is offering to sell a controlled substance, not offering the controlled

substance. Therefore, [the] analysis of the statute should not turn on whether appellant

transferred a controlled substance." *State v. Scott*, 69 Ohio St.2d 439, syllabus and 440,

432 N.E.2d 798 (1982) When Shackelford "knowingly offered * * * to sell

[methamphetamine], a controlled substance, his offense was complete under R.C.

2925.03(A)(1).  *State v. Scott (1982),* 69 Ohio St.2d 439, 23 O.O.3d 390, 432 N.E.2d 798.

There need be no additional proof that appellant knew that the substance he was offering was not [methamphetamine] or that it was actually a counterfeit controlled substance."

*State v. Mughni,* 33 Ohio St.3d 65, 67–68, 514 N.E.2d 870, (1987).

**{¶13}** This court addressed the criminalization of the offer to sell a controlled substance in *State v. Lightner,* 5th Dist. Stark No. 5417, 1981 WL 6122, where we cited with approval the holding of the Tenth District Court of Appeals:

The legislature of the State of Ohio has made it a crime not only to sell a controlled substance, but also to offer to sell a controlled substance. In the case of State v. Mosley, 55 Ohio App. 2d 178, 380 N.E.2d 731, the Court of Appeals for Franklin County in it's(SIC) decision discussed whether or not the legislature may constitutionally prohibit and make illegal an offer to sell a controlled substance. This Court came to the determination that the statute is constitutional and that the legislature has the right to make illegal an offer to sell a controlled substance. Mosley can be distinguished from the case at bar since the offense was ultimately completed by delivery of what was purported to be a controlled substance, but when analyzed by a chemist was found to be a harmless substance. The Court in Mosley, however, dealt with our situation and in it's(SIC) opinion stated:

(a)     ". . . The statute makes it a crime to offer to sell heroin. The defendant made an offer to sell heroin, thereby violating the law. The crime was committed when the offer was made, not when the transaction was consummated. There is evidence that defendant's statements were not made in jest or to express an idea which would

involve freedom of speech, or in a manner as not to be taken seriously by others. We cannot say that the action of the legislature in prohibiting a person from offering to sell controlled substances is unreasonable, or that it violates the Constitution of the United States or the state of Ohio."

Judge McCormac in his concurring opinion analyzes this problem as follows: ". . . Obviously, the General Assembly believed that trafficking in drugs involves the offer to sell just as much as it does the sale of controlled substances, and that this serious crime shall be attacked from both avenues. Hence, two offenses are created by R.C. 2925.03, each of an equal stature . . ."

*State v. Mosley*, 55 Ohio App.2d 178, 182–83, 380 N.E.2d 731, 734 (10th Dist.1977) as quoted in *State v. Lightner*, *supra* at *1–2. *See Also State v. Howell,* 5th Dist. Tuscarawas No. 2012 AP 11 0068, 2013-Ohio-2979, ¶ 30 (The Ohio Supreme Court has held that a conviction for R.C. § 2925.03(A)(1) can stand despite the fact that the substance offered as cocaine was actually baking soda. *State v. Chandler*, 109 Ohio St.3d 223, 2006–Ohio–2285, 846 N.E.2d 1234, ¶ 9.)

**{¶14}** Shackelford next argues that R.C. 2925.03(C)(1) requires proof that the substance offered for sale contained methamphetamine before sentence can be imposed because that section begins by stating "[if] the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule I or schedule II…". We reject his interpretation and instead find that proof of an offer to sell methamphetamine provides sufficient evidence that the "drug involved" in the transaction was

methamphetamine.   Our finding is supported by the decision in *Scott* that found that proscribed conduct is the offer to sell a controlled substance regardless of whether there was a transfer. *Scott, supra,* syllabus.  Further, the legislature has expanded the definition of drug to include "any substance that is represented to be a drug" R.C. 2925.03(I), so the relevant penalty section, R.C. 2925.03 (C)(1), includes a substance included in schedule I or schedule II, or "any substance represented to be " a substance included in schedule I or schedule II. Shackelford conceded that he represented the subject of the offer to sell was methamphetamine, a schedule II substance (R.C. 3719.41; 21 C.F.R.1308.12 (d)(2)) so Shackelford's actions are prohibited by the applicable code sections and subject to the applicable penalty regardless of whether a controlled substance is transferred.

{¶15} This court addressed a similar argument in the case of *State v. Chandler*, 5th Dist. No. 2003-CA-00342, 157 Ohio App.3d 672, 2004-Ohio-3436, 813 N.E.2d 65, *aff'd,*109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234, but we found that proof that the substance contained a controlled substance was an element of the offense in that case.  However, *Chandler* is distinguished by the indictment.  In *Chandler,* the indictment contained a major drug offender specification and we held that "to determine the penalty for a violation of R.C. 2925.03(A) and an additional sentence as a major drug offender pursuant to R.C. 2925.03(C)(4)(g), the state is required to prove beyond a reasonable doubt at trial both the identity of the substance and the amount of the substance." *Chandler, supra* at ¶ 28.   Shackelford was not indicted as a major drug offender nor subject to any enhancement of the penalty imposed, so the holding of *Chandler* is not applicable.

**{¶16}** Shackelford violated R.C. 2925.03(A)(1) when he offered to sell a substance he represented as methamphetamine and he was not subject to any of the penalty enhancements described in 2925.03(C)(1). The fact that subsequent testing of the substance recovered from the transaction did not contain a controlled substance is irrelevant, as the offense was complete at the time the offer was made.

**{¶17}** Shackelford's assignment of error is denied and the decision of the Coshocton County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Hoffman, J. and

Delaney, J. concur.