M. POWELL, J., dissenting.
{¶ 17} Because the trial court erred in dismissing Vineyard's drug-related offenses pursuant to newly-enacted R.C. 2925.11(B)(2)(b), I dissent.
{¶ 18} R.C. 2925.11(B)(2) became effective on September 13, 2016, approximately five months after Vineyard overdosed and gave his heroin to the police. The trial court held that Vineyard was immune under the statute because he had not yet *784 been convicted or penalized at the time the statute became effective.
{¶ 19} A statute is presumed to be prospective in its operation unless it is expressly made retroactive. State v. Consilio , 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 15, 871 N.E.2d 1167 ; State v. Sieminski , 9th Dist. Lorain No. 16CA011048, 2017-Ohio-5480, 2017 WL 2743473, ¶ 9. As the Ninth Appellate District properly found, a review of R.C. 2925.11(B)(2)(b) reveals no legislative indication that it is to be applied retroactively. Sieminski at ¶ 11. The statute therefore applies only prospectively.
{¶ 20} Like Vineyard, Sieminski overdosed and the police found contraband in her house before R.C. 2925.11(B)(2)(b) became effective. Like Vineyard, Sieminski moved to dismiss her drug-related charges after the effective date of the statute. At the time the trial court dismissed the charges, Sieminski had not yet been convicted or penalized. The trial court reasoned that "the clear intent" of the statute was "to assist those with a drug addiction into a treatment program as opposed to criminal prosecution if the evidence obtained resulted from a call for medical assistance." Sieminski at ¶ 11. The trial court then inferred that this intent, coupled with the statute's language that no qualified individual shall be "arrested, charged, prosecuted, convicted, or penalized," plainly showed the legislature's intention for the statute to apply in situations where the alleged offense predates the effective date of the statute. Id. The Ninth Appellate District squarely rejected the trial court's reasoning, finding that because R.C. 2925.11(B)(2)(b) applies only prospectively, it cannot apply to defendants whose offenses predate the effective date of the statute. Id. at ¶ 12. I agree with the reasoning of the Ninth Appellate District.
{¶ 21} Applying the statute as suggested by the majority necessarily results in a retroactive application. The majority focuses upon when a person is "prosecuted, convicted, or penalized" in concluding that the statute is being applied prospectively, as Vineyard's "prosecution, conviction, and penalization" all would occur after the effective date of the statute. However, the statute establishes criteria which must be satisfied if a person is to enjoy the immunity it provides. Among the criteria is that the person seek medical assistance for a drug overdose and within thirty days thereafter be screened and referred for addiction treatment. R.C. 2925.11(B)(2)(a)(viii) and (b)(ii). In order for Vineyard to have the benefit of the statute, it would have to be applied retrospectively, as his satisfaction of the foregoing criteria is based entirely upon facts predating its effective date. Thus, considering the entire statute, it is apparent that retroactive application is necessary if Vineyard is to enjoy the immunity the statute affords.
{¶ 22} Furthermore, construing the statute as applying to offenses occurring prior to its effective date leads to absurd results. First, similarly situated, eligible defendants committing offenses prior to the effective date of the statute would be treated differently depending upon whether their cases are disposed of before or after the effective date. This disparity in outcomes certainly could not have been intended by the General Assembly.[1] Second, those persons who have been convicted and sentenced prior to the effective date of the *785 statute, and who otherwise satisfy the statutory criteria, would be entitled to having any unserved portion of their sentences vacated, as such continued penalization after the statute's effective date would be a prospective application of the statute in the majority's view.[2]
{¶ 23} In summary, the statute contains no express legislative indication that it be applied retroactively; extending the statute's immunity to individuals whose qualifications are based upon facts predating the statute's effective date is retroactive application; and applying the statute to persons committing offenses prior to the statute's effective date leads to illogical results that could not have been intended by the legislature.
{¶ 24} With regard and respect for my colleagues in the majority, I dissent.

While this situation is practically possible only during the months immediately preceding the effective date of the statute, the possibility of such an anomalous situation demonstrates why the more reasonable interpretation of the statute is that it applies only to offenses committed after the statute's effective date.

Applying the statute to offenses occurring prior to its effective date might also entitle those who are otherwise "qualified individuals" to the vacation of their convictions.