[Cite as *State v. Sieminski*, 2017-Ohio-5480.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No.     16CA011048 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ASHLEY SIEMINSKI | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No.     16CR093986 |

DECISION AND JOURNAL ENTRY

Dated: June 26, 2017

SCHAFER, Judge.

{¶1}   Plaintiff-Appellant, State of Ohio, appeals the judgment of the Lorain County Court of Common Pleas, dismissing the indictment of Defendant-Appellee, Ashley Sieminski. For the reasons that follow, we reverse and remand for further proceedings consistent with this decision.

I.

{¶2}   On March 13, 2016, Sieminski's grandmother called 9-1-1 because she believed Sieminski had overdosed.  Medical personnel administered NARCAN and transported Sieminski to the hospital for further treatment.  While Sieminski was receiving treatment, deputies from the Lorain County Sheriff's Department discovered contraband during a search of the home.

{¶3}   The Lorain County Grand Jury subsequently indicted Sieminski on the following charges: (I) possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree; (II) possessing drug abuse instruments in violation of R.C. 2925.12(A), a misdemeanor of the second

degree; and (III) using or possessing with the intent to use drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. Sieminski pleaded not guilty and the matter proceeded through the pretrial process.

{¶4} On October 24, 2016, Sieminski filed a motion to dismiss the charges in the indictment, alleging that she was entitled to immunity pursuant to R.C. 2925.11(B)(2)(b). The State filed a brief in opposition to the motion to dismiss. Based upon the briefs filed by the parties, the trial court concluded that the immunity provided pursuant to R.C. 2925.11(B)(2)(b) applied in this case and granted Sieminski's motion to dismiss.

{¶5} The State filed this timely appeal, raising four assignments of error for our review. For ease of analysis, we elect to consider the assignments of error out of order.

II.

**Assignment of Error II**

**The trial court erred when it granted Ms. Sieminski's motion to dismiss as it incorrectly found that the R.C. 2925.11(B)(2)(b) immunity is applicable to defendants who committed a minor possession of drugs offense prior to the amendment's enactment.**

{¶6} In its second assignment of error, the State argues that the trial court erred when it determined that the immunity provided in R.C. 2925.11(B)(2)(b) applied to defendants who committed a minor drug offense prior to the amendment's enactment. We agree.

{¶7} "We review a ruling on a pretrial motion to dismiss criminal charges using the de novo standard." *State v. Saxon*, 9th Dist. Lorain No. 09CA009560, 2009-Ohio-6905, ¶ 5.

{¶8} R.C. 2925.11(B)(2)(b) became effective on September 13, 2016, approximately six months *after* the alleged offenses occurred. That statute provides as follows:

> Subject to division (B)(2)(f) of this section, a qualified individual shall not be arrested, charged, prosecuted, convicted, or penalized pursuant to this chapter for a minor drug possession offense if all of the following apply:

(i) The evidence of the obtaining, possession, or use of the controlled substance or controlled substance analog that would be the basis of the offense was obtained as a result of the qualified individual seeking the medical assistance or experiencing an overdose and needing medical assistance.

(ii) Subject to division (B)(2)(g) of this section, within thirty days after seeking or obtaining the medical assistance, the qualified individual seeks and obtains a screening and receives a referral for treatment from a community addiction services provider or a properly credentialed addiction treatment professional.

(iii) Subject to division (B)(2)(g) of this section, the qualified individual who obtains a screening and receives a referral for treatment under division (B)(2)(b)(ii) of this section, upon the request of any prosecuting attorney, submits documentation to the prosecuting attorney that verifies that the qualified individual satisfied the requirements of that division. The documentation shall be limited to the date and time of the screening obtained and referral received.

R.C. 2925.11(B)(2)(b).

{¶9}     Article II, Section 28, of the Ohio Constitution proscribes the General Assembly from enacting retroactive laws.  A statute is presumed to be prospective in its operation unless it is expressly made retroactive.  R.C. 1.48.  The determination of whether a statute's retroactive application violates the Constitution's retroactivity clause requires a two-step analysis.  *State v. White*, 132 Ohio St.3d 344, 2012-Ohio-2583, ¶ 27.  First, a court must determine whether the legislature intended the statute to apply retroactively.  *Id*.  "Often, this determination can be made based on the plain language of the legislation."  *DeMoss v. Silver Lake*, 9th Dist. Summit No. 27820, 2016-Ohio-3241, ¶ 11, citing *White* at ¶ 28-30 (finding legislative intent to apply death penalty statute retroactively where statute expressly stated it would apply to all offenders sentenced to death on or after October 19, 1981, the effective date of the current death penalty statute); *Bielat v. Bielat,* 87 Ohio St.3d 350, 353–354 (2000) (finding legislative intent to apply Ohio's Transfer–on–Death Security Registration Act retroactively where statute stated it applied "prior to, on, or after" the effective date of the Act); *State v. Cook,* 83 Ohio St.3d 404, 410

(1998) (statute applies to sex offenders convicted, sentenced and still imprisoned prior to effective date). "A statute must clearly proclaim its own retroactivity to overcome the presumption of prospective application. Retroactivity is not to be inferred." *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163 ¶ 15.

{¶10} If the General Assembly has expressly indicated its intention that a statute apply retroactively, a court must then determine whether the statute is remedial or substantive. *White* at ¶ 27. The Supreme Court of Ohio has stated:

> A purely remedial statute does not violate Section 28, Article II of the Ohio Constitution, even when it is applied retroactively. On the other hand, a retroactive statute is substantive – and therefore *unconstitutionally* retroactive – if it impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction.

(Internal citations omitted.) (Emphasis sic.) *Bielat* at 354.

{¶11} In this case, the trial court recognized that "[a] review of the statute reveals no legislative indication that it is to apply retroactively." However, the trial court then determined that "the clear intent" of the statute was "to assist those with a drug addiction into a treatment program as opposed to criminal prosecution if the evidence obtained resulted from a call for medical assistance." The trial court inferred that this intent, "coupled with the statute's language that no qualified individual shall be 'arrested, charged, prosecuted, convicted, or penalized'" shows that the legislature's intention for the statute to apply in situations where the alleged offense predates the effective date of the statute.

{¶12} Nonetheless, "[t]he General Assembly's failure to clearly enunciate retroactivity ends the analysis, and the relevant statute may be applied only prospectively." *Consilio* at ¶ 10. As a review of the statute shows no express intention that it should apply retroactively, we conclude that the trial court erred when it inferred such retroactivity.

**{¶13}** Therefore, The State's second assignment of error is sustained.

### Assignment of Error I

**The trial court erred in granting Ms. Sieminski's motion to dismiss because it failed to apply the appropriate test to determine R.C. 2925.11(B)(2)(b)'s retroactivity.**

### Assignment of Error III

**The trial court erred in granting Ms. Sieminski's motion to dismiss because she is not a qualified individual pursuant to R.C. 2925.11(B)(2)(a)(viii), and therefore not eligible for immunity under R.C. 2925.11(B)(2)(b).**

### Assignment of Error IV

**The trial court erred in dismissing all charges in the indictment as R.C. 2925.11(B)(2)(b) solely provides immunity from minor drug possession charges.**

**{¶14}** In its first assignment of error, the State contends that the trial court erred in granting Sieminski's motion to dismiss because it failed to consider the second prong of the retroactivity analysis. In its third assignment of error, the State contends that the trial court erred when it determined Sieminski was a "qualified individual" pursuant to R.C. 2925.11(B)(2)(b). Finally, in its fourth assignment of error, the State contends that the trial court erred in dismissing all of Sieminski's charges. However, our resolution of the State's second assignment of error render its first, third, and fourth assignments of error moot and we decline to address them. *See* App.R. 12(A)(1)(c).

III.

**{¶15}** The State's second assignment of error is sustained. The State's first, third, and fourth assignments of error are moot. Therefore, the judgment of the Lorain County Court of Common Pleas is reversed and this matter remanded for further proceedings consistent with this decision.

Judgement reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CONCURS.

TEODOSIO, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

CHRISTOPHER REWAK, Attorney at Law, for Appellee.