[Cite as *State v. Vineyard*, 2018-Ohio-705.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2017-05-021 |
| | : | O P I N I O N |
| - vs - | | 2/26/2018 |
| | : | |
| THOMAS J. VINEYARD, | : | |
| Defendant-Appellee. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2016CR00363

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellant

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellee

**PIPER, J.**

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals a decision of the Clermont County Court of Common Pleas dismissing charges against defendant-appellee, Thomas Vineyard.

{¶ 2} Vineyard overdosed on heroin, and was later revived after first responders gave him Narcan. After his release from the hospital, Vineyard admitted himself into a drug addiction treatment center in California. Vineyard completed three months of in-patient care,

and three months of out-patient care in California before returning to his home in Ohio.

{¶ 3} During the time that Vineyard was seeking treatment in California, the Clermont County Grand Jury indicted Vineyard on charges of possession of heroin and fentanyl, both fifth-degree felonies. However, given Vineyard's stay in California, the state did not serve the indictment upon Vineyard until he returned to Ohio.

{¶ 4} Three months after the indictment was issued, the Ohio Legislature enacted a 'Good Samaritan' statute, which enabled certain offenders who sought medical assistance for drug overdose to avoid being arrested for, charged with, prosecuted for, convicted of, or penalized for possession of drugs that would constitute a misdemeanor or fifth-degree felony. Vineyard filed a motion to dismiss the charges against him based upon the statute.

{¶ 5} The state opposed Vineyard's motion to dismiss, arguing that Vineyard's offenses occurred before the Good Samaritan statute was enacted and that the statute could not be applied retroactively. The trial court found that the Good Samaritan statute applied to Vineyard, and dismissed the case. The state now appeals the trial court's decision, raising the following assignment of error.

{¶ 6} THE TRIAL COURT ERRED IN DISMISSING APPELLEE'S CASE AS IT UNCONSTITUTIONALLY APPLIED THE IMMUNITY AFFORDED BY SECTION 2925.11(B)(2) TO APPELLEE RETROACTIVELY.

{¶ 7} The state argues in its assignment of error that the trial court erred in determining that R.C. 2925.11(B)(2)(b) applies to Vineyard.

{¶ 8} According to R.C. 2925.11(B)(2)(b)

> Subject to division (B)(2)(f) of this section, a qualified individual shall not be arrested, charged, prosecuted, convicted, or penalized pursuant to this chapter for a minor drug possession offense if all of the following apply:
>
> (i) The evidence of the obtaining, possession, or use of the controlled substance or controlled substance analog that would

be the basis of the offense was obtained as a result of the qualified individual seeking the medical assistance or experiencing an overdose and needing medical assistance.

(ii) Subject to division (B)(2)(g) of this section, within thirty days after seeking or obtaining the medical assistance, the qualified individual seeks and obtains a screening and receives a referral for treatment from a community addiction services provider or a properly credentialed addiction treatment professional.

(iii) Subject to division (B)(2)(g) of this section, the qualified individual who obtains a screening and receives a referral for treatment under division (B)(2)(b)(ii) of this section, upon the request of any prosecuting attorney, submits documentation to the prosecuting attorney that verifies that the qualified individual satisfied the requirements of that division. The documentation shall be limited to the date and time of the screening obtained and referral received.

R.C. 2925.11(B)(2)(a)(viii) defines a qualified person as "a person who is not on community control or post-release control and is a person acting in good faith * * * who is experiencing a drug overdose * * *."

{¶ 9}   The record indicates that Vineyard is a qualified individual because he was a person who experienced a drug overdose and received medical assistance for that overdose. Three days after his overdose, Vineyard admitted himself into a drug addiction treatment center, and completed six months of treatment.  Vineyard had not yet been "convicted" or "penalized" for the offenses contained in his indictment when he filed his motion to dismiss. As such, Vineyard could seek protection from being prosecuted, convicted, or penalized pursuant to R.C. 2925.11(B)(2)(b).

{¶ 10}   Understandably, the state relies on a decision from the Ninth District Court of Appeals where the defendant overdosed and was charged, but not prosecuted, before the enactment of the Good Samaritan statute.  State v. Sieminski, 9th Dist. Lorain No. 16CA011048, 2017-Ohio-5480.  The trial court in that case determined that the Good Samaritan statute applied to Sieminski and dismissed the charges against her.  On appeal by

- 3 -

the state, the *Sieminski* Court reversed the trial court's decision to dismiss the case against Sieminski because the Good Samaritan statute "shows no express intention that it should apply retroactively." *Id*. at ¶ 12. However, and despite the *Sieminski* Court's cursory determination that the statute could not apply retroactively, the court never analyzed the statute's *current* application specific to whether Sieminski was a qualified individual who met the statutory requirements for protection from being prosecuted, convicted, or penalized.

{¶ 11} After addressing the state's retroactivity argument, the trial court sub judice determined, and we agree, "the statute has a current, non-retroactive application." The dissent relies upon *State v. Sieminski* as precedent establishing that Vineyard is not a "qualified person" under the statute due to the date of Vineyard's overdose. It is undisputed below that Vineyard had overdosed, received emergency medical assistance, and subsequently completed drug addiction treatment. The date of an overdose is not relevant in order for a person to seek treatment and comply with all the requirements of R.C. 2925.11(B)(2)(b). Rather, the question is: has the person seeking protection of R.C. 2925.11(B)(2)(b) been prosecuted, convicted, or penalized yet? Vineyard had not.

{¶ 12} According to the plain language of the Good Samaritan statute, "a qualified individual shall not be" charged, tried, or punished for petty drug offenses when certain requirements are met. There is nothing in the plain language of the statute that makes the prohibitions of being tried, convicted, or punished applicable only to those who overdosed after a specific date, nor does the plain language of the statute disqualify one who overdosed before the statute's effective date. Even if charged prior to the statute's enactment, the statute specifically dictates that trial courts shall not convict, or penalize one who overdoses if the treatment conditions have been met. We find the application of the statute as performed by the trial court was a correct application of the law.

{¶ 13} The trial court found that Vineyard met each of the requirements set forth in

the statute, and he therefore could not be convicted or penalized. This is a present application of the statutory requirements to Vineyard's circumstances, rather than a retroactive one espoused by the state and adopted by the dissent. The statute, as written, instructs trial courts that a person who overdosed from drugs but sought medical treatment should not be prosecuted, convicted, or penalized if that person meets all the requirements set forth in the statute. Vineyard met these requirements, and the state does not challenge such.

{¶ 14} In urging us to reject a plain reading and current application of the statute, the dissent suggests its "interpretation of the statute" dictates Vineyard is not a "qualified person" because his overdose occurred prior to the statute's enactment. However, nothing in the statute, which is designed to prohibit a person's conviction or punishment after treatment, predicates the application of the statute upon the date of his or her overdose. Reaching beyond the issues litigated before us, the dissent expresses concerns for the Legislature's wisdom and the statute's parity due to dubious situations unlikely to occur. Yet, our aim is not to construe legislative intent, but rather, apply the statute as written. If the legislation was not written as intended, it is for the Legislature to correct, not the judiciary. *State v. Fillinger*, 12th Dist. Madison No. CA2016-04-015, 2016-Ohio-8455, ¶ 15 (where we reasoned that inequity from disparate treatment resulting from a statute's application is a matter to be resolved by the Legislature, not the judiciary).

{¶ 15} As such, the trial court correctly granted Vineyard's motion to dismiss on the basis of R.C. 2925.11(B)(2)(b) given that at the time of Vineyard's motion to dismiss, he had not been convicted or penalized for drug possession and he met all other requirements for protection from punishment. The law as written, does not require a reversal of the trial court. The state's single assignment of error is overruled.

{¶ 16} Judgment affirmed.

S. POWELL, P.J., concurs.

M. POWELL, J., dissents.

**M. POWELL, J., dissenting.**

{¶ 17}   Because the trial court erred in dismissing Vineyard's drug-related offenses pursuant to newly-enacted R.C. 2925.11(B)(2)(b), I dissent.

{¶ 18}   R.C. 2925.11(B)(2) became effective on September 13, 2016, approximately five months *after* Vineyard overdosed and gave his heroin to the police.  The trial court held that Vineyard was immune under the statute because he had not yet been convicted or penalized at the time the statute became effective.

{¶ 19}   A statute is presumed to be prospective in its operation unless it is expressly made retroactive.  *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 15; *State v. Sieminski*, 9th Dist. Lorain No. 16CA011048, 2017-Ohio-5480, ¶ 9.  As the Ninth Appellate District properly found, a review of R.C. 2925.11(B)(2)(b) reveals no legislative indication that it is to be applied retroactively.  *Sieminski* at ¶ 11.  The statute therefore applies only prospectively.

{¶ 20}   Like Vineyard, Sieminski overdosed and the police found contraband in her house before R.C. 2925.11(B)(2)(b) became effective.  Like Vineyard, Sieminski moved to dismiss her drug-related charges after the effective date of the statute.  At the time the trial court dismissed the charges, Sieminski had not yet been convicted or penalized.  The trial court reasoned that "the clear intent" of the statute was "to assist those with a drug addiction into a treatment program as opposed to criminal prosecution if the evidence obtained resulted from a call for medical assistance."  *Sieminski* at ¶ 11.  The trial court then inferred that this intent, coupled with the statute's language that no qualified individual shall be

- 6 -

"arrested, charged, prosecuted, convicted, or penalized," plainly showed the legislature's intention for the statute to apply in situations where the alleged offense predates the effective date of the statute. *Id.* The Ninth Appellate District squarely rejected the trial court's reasoning, finding that because R.C. 2925.11(B)(2)(b) applies only prospectively, it cannot apply to defendants whose offenses predate the effective date of the statute. *Id.* at ¶ 12. I agree with the reasoning of the Ninth Appellate District.

{¶ 21} Applying the statute as suggested by the majority necessarily results in a retroactive application. The majority focuses upon when a person is "prosecuted, convicted, or penalized" in concluding that the statute is being applied prospectively, as Vineyard's "prosecution, conviction, and penalization" all would occur after the effective date of the statute. However, the statute establishes criteria which must be satisfied if a person is to enjoy the immunity it provides. Among the criteria is that the person seek medical assistance for a drug overdose and within thirty days thereafter be screened and referred for addiction treatment. R.C. 2925.11(B)(2)(a)(viii) and (b)(ii). In order for Vineyard to have the benefit of the statute, it would have to be applied retrospectively, as his satisfaction of the foregoing criteria is based entirely upon facts predating its effective date. Thus, considering the entire statute, it is apparent that retroactive application is necessary if Vineyard is to enjoy the immunity the statute affords.

{¶ 22} Furthermore, construing the statute as applying to offenses occurring prior to its effective date leads to absurd results. First, similarly situated, eligible defendants committing offenses prior to the effective date of the statute would be treated differently depending upon whether their cases are disposed of before or after the effective date. This

disparity in outcomes certainly could not have been intended by the General Assembly.[1] Second, those persons who have been convicted and sentenced prior to the effective date of the statute, and who otherwise satisfy the statutory criteria, would be entitled to having any unserved portion of their sentences vacated, as such continued penalization after the statute's effective date would be a prospective application of the statute in the majority's view.[2]

{¶ 23} In summary, the statute contains no express legislative indication that it be applied retroactively; extending the statute's immunity to individuals whose qualifications are based upon facts predating the statute's effective date is retroactive application; and applying the statute to persons committing offenses prior to the statute's effective date leads to illogical results that could not have been intended by the legislature.

{¶ 24} With regard and respect for my colleagues in the majority, I dissent.

---

1. While this situation is practically possible only during the months immediately preceding the effective date of the statute, the possibility of such an anomalous situation demonstrates why the more reasonable interpretation of the statute is that it applies only to offenses committed after the statute's effective date.

2. Applying the statute to offenses occurring prior to its effective date might also entitle those who are otherwise "qualified individuals" to the vacation of their convictions.