[Cite as *State v. Coyle*, 2021-Ohio-1027.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JUSTIN TODD COYLE | : | Case No. 20CA000019 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Appeal from the Court of Common
                                     Pleas, Case No. 19CR139


JUDGMENT:                            Affirmed


DATE OF JUDGMENT:                    March 29, 2021


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JASON R. FARLEY                         MICHAEL GROH
627 Wheeling Avenue                     1938 East Wheeling Avenue
Cambridge, OH  43725                    Cambridge, OH  43725

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Justin Todd Coyle, appeals his August 18, 2020 conviction in the Court of Common Pleas of Guernsey County, Ohio.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On February 6, 2019, Cambridge police officers were dispatched to a KFC restaurant on a report that a man had struck one of his two children.  Officers found appellant passed out in the restaurant bathroom from what appeared to be a drug overdose.  An ambulance was called and appellant was transported to the hospital. The officers located appellant's two children seated inside a vehicle parked in the KFC parking lot.  An open air canine search of appellant's vehicle detected drugs therein.

{¶ 3}   On April 29, 2019, the Guernsey County Grand Jury indicted appellant on two counts of possession of drugs (Fentanyl related compound and heroin) in violation of R.C. 2925.11, felonies of the fifth degree.  On December 26, 2019, appellant filed a notice of incarceration, informing the trial court that he was serving time in the Noble County jail for theft from elderly.  In the Noble County case, appellant had been placed on community control on July 1, 2019.

{¶ 4}   On March 3, 2020, appellant pled guilty to possessing the Fentanyl related compound and the heroin count was dismissed.

{¶ 5}   On July 2, 2020, appellant filed a motion for leave of court to withdraw plea of guilty and for dismissal, arguing he was a qualified individual under R.C. 2925.11 and was therefore immune from prosecution.  A hearing was held on July 27, 2020.  By entry filed July 29, 2020, the trial court denied the motion, finding appellant

was not a qualified individual.  By judgment entry filed August 18, 2020, the trial court sentenced appellant to three years of community control.

{¶ 6}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 7}  "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS."

I

{¶ 8}  In his sole assignment of error, appellant claims the trial court erred in denying his motion to dismiss.  We disagree.

{¶ 9}  As explained by our colleagues from the Second District in *State v. Miller,* 2d Dist. Montgomery No. 28284, 2019-Ohio-3294, ¶ 13:

A de novo standard of review has been applied to decisions interpreting R.C. 2925.11(B), because "the correct interpretation of a statute is a question of law subject to de-novo review." *State v. Simmons*, 2018-Ohio-2018, 112 N.E.3d 327, ¶ 18 (4th Dist.), citing *State v. Pountney*, 152 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶ 20. (Other citation omitted.)  In this situation, appellate courts do not defer to a trial court's interpretation.  *Id.*  Furthermore, appellate courts generally apply de novo review when reviewing trial court decisions to dismiss indictments.  *State v. Brown*, 2018-Ohio-2267, 114 N.E.3d 228, ¶ 12 (4th Dist.).

{¶ 10} In his July 2, 2020 motion to dismiss, appellant sought dismissal of the charges under R.C. 2925.11(B)(2)(b) which states the following:

(b) Subject to division (B)(2)(f) of this section, a qualified individual shall not be arrested, charged, prosecuted, convicted, or penalized pursuant to this chapter for a minor drug possession offense if all of the following apply:

(i) The evidence of the obtaining, possession, or use of the controlled substance or controlled substance analog that would be the basis of the offense was obtained as a result of the qualified individual seeking the medical assistance or experiencing an overdose and needing medical assistance.

(ii) Subject to division (B)(2)(g) of this section, within thirty days after seeking or obtaining the medical assistance, the qualified individual seeks and obtains a screening and receives a referral for treatment from a community addiction services provider or a properly credentialed addiction treatment professional.

(iii) Subject to division (B)(2)(g) of this section, the qualified individual who obtains a screening and receives a referral for treatment under division (B)(2)(b)(ii) of this section, upon the request of any prosecuting attorney, submits documentation to the prosecuting attorney that verifies that the qualified individual satisfied the requirements of that division. The documentation shall be limited to the date and time of the screening obtained and referral received.

{¶ 11} "Minor drug possession offense" means a violation under R.C. 2925.11 that is a misdemeanor or a felony of the fifth degree.  R.C. 2925.11(B)(2)(a)(iv).

{¶ 12} R.C. 2925.11(B)(2)(a)(viii) defines "qualified individual" as follows:

"Qualified individual" means a person who is not on community control or post-release control and is a person acting in good faith who seeks or obtains medical assistance for another person who is experiencing a drug overdose, a person who experiences a drug overdose and who seeks medical assistance for that overdose, or a person who is the subject of another person seeking or obtaining medical assistance for that overdose as described in division (B)(2)(b) of this section.

{¶ 13} Appellant argues he was not on community control or post-release control at the time of the incident, and was subject to another person seeking medical assistance for him for his drug overdose.  Appellant sought opioid treatment the next day.

{¶ 14} A hearing was held on July 27, 2020.  Appellant testified he overdosed on heroin and "woke up in an ambulance when they gave me Narcan.  When I asked what had happened."  T. at 5.  He stated this was his first overdose.  *Id.*  He was treated at the hospital for an hour and released.  T. at 6.  The next day, February 7, 2019, appellant sought help with Spero Health, "a buprenorphine clinic where they help people with opioid addiction issues."  *Id.*  He received treatment and counseling until August 2, 2019.  T. at 7.

{¶ 15} In an Incident/Offense Report dated February 6, 2019, attached to appellant's July 2, 2020 motion, Cambridge Police Officer Frederick Wagner stated officers were dispatched to the KFC restaurant "in reference to a male who struck one of his children." After discovering appellant passed out on the bathroom floor, the officers performed a sternum rub. Once awake, appellant advised "that he hasn't been taking his medication." Officers called an ambulance to treat appellant, and continued their investigation on the report of appellant striking his child.

{¶ 16} In its July 29, 2020 entry denying appellant's motion to dismiss, the trial court concluded at the time of the incident, appellant "was not a person who experienced a drug overdose who sought medical assistance for that overdose."

{¶ 17} As explained by Judge Thomas A. Teodosio in his concurring opinion in *City of Akron v. Pari,* 9th Dist. Summit No. 29029, 2019-Ohio-1083, ¶ 10:

Understanding that persons overdosing or witnessing an overdose hesitate to seek help or simply do not call for assistance out of fear of police involvement, the Ohio Legislature passed the "Good Samaritan" law to encourage more people to call 911 in the event of an overdose by providing immunity from being "arrested, charged, prosecuted, convicted, or penalized" for low-level drug offenses, both for the person calling for medical assistance as well as the person who overdosed.

{¶ 18} The initial call to police was not to report an overdose, but to report a father striking one of his children. When police arrived on the scene, appellant did not claim an overdose, but stated he had been neglecting to take his medication. The

continued investigation of appellant striking his child led to the discovery of drugs in appellant's vehicle. The drug possession charges did not stem from appellant experiencing an overdose and needing medical assistance. Given the facts of this case, we agree appellant was not entitled to immunity under R.C. 2925.11(B)(2).

{¶ 19} Upon review, we find the trial court did not err in denying appellant's motion to dismiss.

{¶ 20} Appellant's sole assignment of error is denied.

{¶ 21} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.


EEW/db