DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Kathy Crowe, appeals from the sentence issued upon her after her guilty plea for possession of marijuana, a minor misdemeanor. We affirm.
 {¶ 2} On February 13, 2006, Defendant was charged with violating Akron City Code Section 138.10(A), Drug Abuse for possession of less than 100 grams of marijuana ("ACC 138.10"). It is undisputed that possession of less than 100 grams of marijuana as a minor misdemeanor. On February 21, 2006, Defendant pled guilty to violating ACC 138.10(A) (the "Charge") and was sentenced to a fine of $150, court costs, a Summit Link drug evaluation and a six month driver's license suspension. Defendant was sentenced pursuant to ACC 138.10(E)(1) and (F)(1). Defendant paid her fine and court costs but sought "correction" of her sentence by filing a motion on February 24, 2006, asking the court to correct its sentence by vacating the driver's license suspension and Summit Link drug evaluation because these penalties were not authorized by Ohio law ("Motion to Correct"). On March 13, 2006, Defendant filed a motion to stay execution of her license suspension and a supplemental brief in support of the Motion to Correct. The trial court never ruled on the Motion to Correct, but granted Defendant's motion to stay the execution of the license suspension on March 29, 2006. Defendant timely appealed her sentence, raising one assignment of error for review.
 Assignment of Error
"The trial court erred in sentencing the [Defendant] on this minor misdemeanor violation to the extent that any part of the sentence was in addition to the fine authorized by law."
 {¶ 3} Defendant asserts that the trial court was not authorized to suspend her driver's license and order a Summit Link evaluation because the Charge was only a minor misdemeanor punishable solely by a fine not to exceed $150.00. We disagree.
 {¶ 4} "We review a trial court's interpretation of a statute on a de novo basis because it presents us with a question of law." Brown v. August (Jan. 9, 2002), 9th Dist. No. 01CA0024, at 2.
 {¶ 5} Defendant was charged and sentenced under ACC 138.10, which although substantially equivalent, is not identical to R.C.2925.11. Defendant asserts that the language of the statute upon which the trial court relied in suspending Defendant's license is unclear, especially in light of a state statute that limits the penalty for any minor misdemeanor to a $150.00 fine.
 {¶ 6} "The principles of statutory construction require courts to first look at the specific language contained in the statute, and, if the language is unambiguous, to then apply the clear meaning of the words used." Roxane Laboratories, Inc. v.Tracy (1996), 75 Ohio St.3d 125, 127, 661 N.E.2d 1011. R.C. 1.42
provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." "We must give effect to the words used in the statute, not delete any words or insert words not used." Pearn v. DaimlerChryslerCorp., 148 Ohio App.3d 228, 2002-Ohio-3197, at ¶ 63, citingLesnau v. Andate Ent., Inc. (2001), 93 Ohio St.3d 467, 471,756 N.E.2d 97.
 {¶ 7} A court may interpret a statute only where the statute is ambiguous. State ex rel. Celebrezze v. Allen Cty. Bd. ofCommrs. (1987), 32 Ohio St.3d 24, 27, 512 N.E.2d 332. A statute is ambiguous if its language is susceptible to more than one reasonable interpretation. State ex rel. Toledo Edison Co. v.Clyde (1996), 76 Ohio St.3d 508, 513, 668 N.E.2d 498.
 {¶ 8} Although both the City and Appellant argue that the state statute is virtually identical to the city ordinance, there is a significant difference in that ACC 138.10(F)(1) does not contain the phrase "that are applicable" that is contained in R.C. 2925.11(E).
 {¶ 9} ACC 138.10, the statute under which Defendant was charged, is not ambiguous. Defendant's license was suspended pursuant to ACC 138.10(F)(1), which states in relevant part:
"[I]n addition to any other sanction imposed for a violation of this section, the Court shall suspend for not less than six months and not more than five years the driver's or commercial driver's license of any person who is convicted of or has pleaded guilty to a violation of this section." (Emphasis added).
 {¶ 10} Given the clear and unambiguous language of the statute, this court is not permitted to otherwise interpret the statute. Defendant pled guilty to a violation of ACC 138.10. As such, the trial court was required to suspend her driver's license for a minimum of six months per ACC 138.10(F)(1).[1]
 {¶ 11} We decline to address any issue of a conflict between ACC 138.10(F)(1) and R.C. 2925.11(E)(2) because neither party raised the issue of a potential conflict. In fact, both parties asserted in briefing and in oral arguments that the statutes are virtually identical and argued based on this assertion.
 {¶ 12} Defendant's assignment of error is overruled.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. Baird, J. concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] While Defendant generally asserted that the trial court's order requiring Defendant to be evaluated by Summit Link is also in violation of the trial court's authority, neither brief contains any law or argument on this issue. Courts in this jurisdiction have previously ordered a defendant to be evaluated at Summit Link for a minor misdemeanor offense. State, City ofAkron v. Charter, 9th Dist. No. 22444, 2005-Ohio-4362 at ¶ 2.