[Cite as *State v. Brown*, 2018-Ohio-4500.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| CITY OF AKRON | C.A. No.    28629 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JENNIFER L. BROWN | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    17CRB00632 |

DECISION AND JOURNAL ENTRY

Dated: November 7, 2018

SCHAFER, Presiding Judge.

{¶1}   Defendant-Appellant, Jennifer L. Brown, appeals from her conviction in the Akron Municipal Court.  This Court affirms.

I.

{¶2}   On January 21, 2017, Ms. Brown's son discovered her at home, unresponsive, and called 9-1-1.  Akron Police and paramedics responded, and the son informed them that Ms. Brown had overdosed on heroin.  Upon their arrival, paramedics were able to administer a dose of NarCan to revive Ms. Brown.  Responding officers found a syringe and plastic cap on the ground next to Ms. Brown.  Ms. Brown admitted to mixing heroin in the plastic cap and using the syringe to inject heroin.

{¶3}   Ms. Brown was charged with one count for possession of drug abuse instruments in violation of Akron City Code 138.11 and one count for drug paraphernalia in violation of Akron City Code 138.28.  Ms. Brown entered an initial plea of not guilty to both charges.  On

March 2, 2017 Ms. Brown filed a motion to dismiss, which the trial court denied. Thereafter, on April 6, 2017, Ms. Brown changed her plea to no contest as to the charge of possession of drug abuse instruments in exchange for the City's agreement to dismiss the drug paraphernalia charge. The trial court accepted the plea, found Ms. Brown guilty of possession of drug abuse instruments, and sentenced her according to law.

{¶4}    Ms. Brown has filed a timely appeal of her conviction raising four assignments of error for our review. For ease of analysis, we elect to address the last two assignments of error together.

II.

**Assignment of Error I**

**The trial court erred by concluding that the immunity set forth in R.C. 2925.11 does not apply to any offense other than a minor drug possession offense.**

{¶5}    Ms. Brown argues that the trial court erred by applying a narrow interpretation of the immunity provision of R.C. 2925.11 and in concluding that Ms. Brown was not entitled to immunity for the offenses charged as a result of her overdose. Ms. Brown refers to the trial court's order of March 27, 2017, wherein the trial court denied Ms. Brown's pretrial motion to dismiss and ruled that

> [t]he immunity set forth in R.C. 2925.11(B)(2)(b) does not apply to any offense other than a minor drug possession offense; therefore, immunity does not apply to the charges of [p]ossession of [d]rug [a]buse [i]nstruments and [p]ossession of [d]rug [p]araphernalia in this case.

In her merit brief, Ms. Brown contends that the statute should be interpreted to be "more encompassing than just the minor drug possession charge" and suggests that R.C. 2925.11 is worded such that it can be read either to "provide immunity from all charges in R.C. Chapter

2925 *or* it can be read to provide immunity from only minor drug possession charges." (Emphasis added.)

{¶6} Because a trial court's interpretation of a statute presents us with a question of law we review it on a de novo basis. *State v. Crowe*, 9th Dist. Summit No. 23192, 2006-Ohio-5526, ¶ 4. The cardinal rule of statutory construction requires a court to first look at the specific language of the statute itself and, if the meaning of the statute is unambiguous and definite, further interpretation is not necessary and a court must apply the statute as written. *State v. Jordan*, 89 Ohio St.3d 488, 492, 2000-Ohio-225, quoting *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 1996-Ohio-291. Ambiguity exists only if the language of a statute is susceptible of more than one reasonable interpretation, and the facts and circumstances of a case do not permit a court to read ambiguity into a statute. *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, ¶ 16. "Thus, inquiry into legislative intent, legislative history, public policy, the consequences of an interpretation, or any other factors identified in R.C. 1.49 is inappropriate absent an initial finding that the language of the statute is, itself, capable of bearing more than one meaning." *Id.*

{¶7} R.C. 2925.11(B)(2)(b) states in pertinent part "[s]ubject to division (B)(2)(f) of this section, a qualified individual shall not be arrested, charged, prosecuted, convicted, or penalized pursuant to this chapter for a *minor drug possession offense* if" the qualified individual fulfills all three specific requirements described in R.C. 2925.11(B)(2)(b)(i),(ii), and (iii). (Emphasis added.) "'Minor drug possession offense' means a violation of *this section* [R.C. 2925.11 'Possession of Drugs'] that is a misdemeanor or a felony of the fifth degree." (Emphasis added.) R.C. 2925.11(B)(2)(a)(iv), *see also* R.C. 2925.01(EE). R.C. 2925.11(B)(2)(e) provides that "[n]othing in division (B)(2)(b) of this section shall be construed

to * * * [l]imit the admissibility of any evidence in connection with the investigation or prosecution of a crime with regards to a defendant who does not qualify for the protections of division (B)(2)(b) of this section or with regards to *any crime other than a minor drug possession offense* committed by a person who qualifies for protection pursuant to division (B)(2)(b) of this section for a minor drug possession offense[.]" (Emphasis added.)

{¶8} The plain language of R.C. 2925.11(B)(2)(b) clearly provides *qualified individuals* with immunity for a *minor drug possession offense* pursuant to R.C. Chapter 2925. A minor drug possession offense is defined, definitely and unambiguously, as a misdemeanor or fifth degree felony violation of R.C. 2925.11. Furthermore, R.C. 2925.11(B)(2)(e) explicitly prohibits construing R.C. 2925.11(B)(2)(b) so as to limit the admissibility of any evidence in connection with the investigation or prosecution of a crime * * * with regards to any crime other than a minor drug possession offense committed by a person who qualifies for protection * * * for a minor drug possession offense." This Court lacks authority to ignore the plain and unambiguous language of R.C. 2925.11(B)(2)(b) "under the guise of either statutory interpretation or liberal construction[.]" *Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St.3d 344, 347, 1994-Ohio-380.

{¶9} Despite Ms. Brown's contention that the immunity provision of R.C. 2925.11 is susceptible to a broader interpretation, she has failed to identify any ambiguous language or to demonstrate that any ambiguity exists in the statute. If this Court "were to brazenly ignore the unambiguous language of a statute, or [to find] a statute to be ambiguous only after delving deeply into the history and background of the law's enactment, we would invade the role of the legislature: to write the laws." *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, ¶ 8. Ms. Brown's argument attempts to bypass the threshold consideration of ambiguity and instead

resorts to discussing the statute's legislative history, policy consideration, and a comparative analysis to other statutory immunity. Thus, Ms. Brown prematurely relies on sources beyond the statute itself for interpretation, without having first established that the statute is ambiguous.

{¶10} We conclude that because R.C. 2925.11(B)(2)(b) is plain and unambiguous, there is no cause to look beyond the plain language of the statute for interpretation. *See State ex rel. Celebrezze v. Bd. of Cty. Commrs.*, 32 Ohio St.3d 24, 27 (1987). Consequently, this Court rejects Ms. Brown's argument that the trial court should have interpreted the statute or expanded its application beyond that which is permitted by the plain language of the statute. This Court's application of the plain language of the statute confirms the trial court's conclusion that R.C. 2925.11(B)(2)(b) applies only to minor drug possession offenses under R.C. 2925.11, that Ms. Brown was not charged with a minor drug possession offense in this case, and that the statute does not provide immunity for the possession of drug abuse instruments or drug paraphernalia offenses with which Ms. Brown was charged. The trial court did not err in its application of R.C. 2925.11(B)(2)(b).

{¶11} Ms. Brown's first assignment of error is overruled.

### Assignment of Error II

**The trial court erred by concluding that the immunity set forth in R.C. 2925.11 does not apply to allied offenses of similar import.**

{¶12} In her second assignment of error, Ms. Brown argues that the immunity provision of R.C. 2925.11 should apply to her charges for possession of drug abuse instruments or drug paraphernalia because, she contends, they are allied offense of similar import to the minor drug possession offenses afforded immunity under R.C. 2925.11(B)(2)(b). Ms. Brown reasons that "a defendant who is immune from prosecution for a specific offense should also be immune from prosecution for any allied offenses of similar import." The essence of Ms. Brown's argument is

that she could have been charged with minor drug possession for her possession of heroin in this incident. Ms. Brown theorizes that if she had been charged with minor drug possession the doctrine of merger would have applied, her charge for minor drug possession would have been dismissed based on grounds of immunity, and then her charges for possession of drug abuse instruments or drug paraphernalia would also have been dismissed as allied offenses.

{¶13} Ms. Brown raised this below in her pretrial motion to dismiss. The trial court, in concluding that immunity did not apply to Ms. Brown's charges, overruled that motion. We review a trial court's conclusions of law in ruling on a pretrial motion to dismiss criminal charges using the de novo standard. *State v. Sieminski*, 9th Dist. Lorain No. 16CA011048, 2017-Ohio-5480, ¶ 7; *State v. Saxon*, 9th Dist. Lorain No. 09CA009560, 2009-Ohio-6905, ¶ 5. Even if, for the purpose of our review, this Court were to assume that Ms. Brown's charged offenses are allied offenses of similar import to minor drug possession, and further assume that a hypothetical charge for minor drug possession would have been dismissed on the grounds of immunity based on the circumstances underlying this matter, for the reasons that follow we determine that Ms. Brown's argument still lacks merit.

{¶14} R.C. 2941.25(A) provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." "[F]or purposes of R.C. 2941.25, a 'conviction' consists of a guilty verdict *and* the imposition of a sentence[.]" (Emphasis sic.) *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 12, quoting *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 12. Ms. Brown has failed to demonstrate how, had she been charged with minor drug possession, a pre-conviction

dismissal of that particular charge on the grounds of immunity would have required dismissal of any allied offenses.

{¶15} "To ensure compliance with both R.C. 2941.25 and the Double Jeopardy Clause, 'a trial court is required to merge allied offenses of similar import at sentencing.'" *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 15, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 27. "However, '[b]ecause R.C. 2941.25(A) protects a defendant only from being punished for allied offenses, the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing.'" *State v. Harmon*, 9th Dist. Summit No. 26502, 2013-Ohio-1769, ¶ 17, quoting *Whitfield* at paragraph three of the syllabus. Therefore, even if Ms. Brown had been charged with minor drug possession, that offense would not merge with any allied offenses of similar import other than for the purpose of sentencing. Accordingly, if Ms. Brown had qualified for immunity and, consequently, dismissal of a charge for minor drug possession, any allied offenses would not "merge" for that purpose and there would be no grounds to extend immunity or dismiss any charges not covered by the immunity provision of R.C. 2925.11.

{¶16} In her reply brief, Ms. Brown acknowledges that "there is no authority that specifically says when a defendant is immune from prosecution for one of a series of allied offenses they should be immune from prosecution for each of the allied offenses." Ms. Brown instead asserts an additional policy argument suggesting that "there is nothing that prevents immunity from being extended." However, based upon our discussion in the previous assignment of error, we reject Ms. Brown's argument because the plain language of R.C. 2925.11(B)(2)(b) limits its application. Further, R.C. 2925.11(B)(2)(e)(i) precludes such an extension of immunity by prohibiting R.C. 2925.11(B)(2)(b) from being applied to "[l]imit the

admissibility of any evidence in connection with the investigation or prosecution of a crime * * * with regards to any crime other than a minor drug possession offense committed by a person who qualifies for protection pursuant to division (B)(2)(b) of this section for a minor drug possession offense[.]"

{¶17} Accordingly, this Court concludes that immunity provision of R.C. 2925.11 cannot be construed to extend immunity beyond minor drug offenses to provide immunity from prosecution for any allied offenses of similar import not covered by R.C. 2925.11(B)(2)(b). Ms. Brown's second assignment of error is overruled.

### Assignment of Error III

**The trial court erred by denying [Ms. Brown]'s motion to dismiss.**

### Assignment of Error IV

**The trial court erred by finding [Ms. Brown] guilty of possessing a drug abuse instrument.**

{¶18} In her third assignment of error, Ms. Brown contends that the trial court erred denying her motion to dismiss. Inasmuch as her motion to dismiss was based exclusively on the arguments Ms. Brown asserted in her first two assignments of error, she has not asserted any additional issues or argument in her third assignment of error. Furthermore, Ms. Brown's fourth assignment of error is also predicated entirely on her arguments in the first and second assignments of error. Therefore, we conclude that our resolution of the first two assignments of error renders Ms. Brown's third and fourth assignment of error moot and we decline to address them. *See* App.R. 12(A)(1)(c).

III.

**{¶19}** Ms. Brown's first and second assignments of error are overruled. This Court declines to address her moot third and fourth assignments of error. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
CONCURRING.

{¶19} I write separately to note that I have very strong reservations regarding whether the language in R.C. 2925.11 is ambiguous and, furthermore, whether a plain meaning construction of the statutory language could lead to absurd results. Unfortunately, however, neither argument was raised in the trial court and may not be raised for the first time on appeal. *See JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12.

APPEARANCES:

PATTI MICHELLE SCHACHTER, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellee.