[Cite as *Akron v. Pari*, 2019-Ohio-1083.]

STATE OF OHIO          )              IN THE COURT OF APPEALS
                              )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

CITY OF AKRON

      Appellant

      v.

ROBERT PARI and
BRANDI J. PASCO

      Appellees
C.A. No.      29029
                   29030

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.     2018 CRB 2112
2018 CRB 2113

DECISION AND JOURNAL ENTRY

Dated: March 27, 2019

CALLAHAN, Judge.

{¶1} Appellant, the City of Akron, appeals orders from the Akron Municipal Court that granted the appellees' motions to dismiss the criminal charges against them. This Court reverses.

I.

{¶2} The facts underlying this appeal are not disputed. On March 10, 2018, Robert Pari suffered a drug overdose, and his girlfriend, Brandi Pasco, called 911. When the police

arrived, they found items of drug paraphernalia near Mr. Pari and Ms. Pasco, both of whom admitted that they had used heroin. Neither was charged with drug possession, but each was charged with one count of possessing drug abuse instruments in violation of Akron Municipal Code 138.11 and possession of drug paraphernalia in violation of Akron Municipal Code 138.28. Mr. Pari moved to dismiss the charges, arguing that he was immune from prosecution under R.C. 2925.11(B)(2)(b)(i) because the police found the evidence supporting the charges against him when Ms. Pasco sought medical assistance related to his overdose. Ms. Pasco joined in Mr. Pari's motion to dismiss.

{¶3} The trial court granted the motion, concluding that "protecting a 'qualified individual' who is acting to save a life from prosecution for drug possession, but not protecting that person from prosecution for the instruments used to take the drugs[,] results in an absurd and unreasonable consequence." The City appealed.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED APPELLEES' MOTION TO DISMISS.

{¶4} The City's assignment of error argues that the trial court erred by granting Mr. Pari and Ms. Pasco's motion to dismiss because the unambiguous language of R.C. 2925.11(B)(2) limits immunity to minor drug possession offenses. This Court agrees.

{¶5} Under R.C. 2925.11(B)(2)(b), a "qualified individual" cannot be "arrested, charged, prosecuted, convicted, or penalized" for a minor drug possession offense if:

> (i) The evidence of the obtaining, possession, or use of the controlled substance or controlled substance analog that would be the basis of the offense was obtained as a result of the qualified individual seeking the medical assistance or experiencing an overdose and needing medical assistance.

(ii) Subject to division (B)(2)(g) of this section, within thirty days after seeking or obtaining the medical assistance, the qualified individual seeks and obtains a screening and receives a referral for treatment from a community addiction services provider or a properly credentialed addiction treatment professional [and]

(iii) Subject to division (B)(2)(g) of this section, the qualified individual who obtains a screening and receives a referral for treatment under division (B)(2)(b)(ii) of this section, upon the request of any prosecuting attorney, submits documentation to the prosecuting attorney that verifies that the qualified individual satisfied the requirements of that division. The documentation shall be limited to the date and time of the screening obtained and referral received.

A "qualified individual" is

a person who is not on community control or post-release control and is a person acting in good faith who seeks or obtains medical assistance for another person who is experiencing a drug overdose, a person who experiences a drug overdose and who seeks medical assistance for that overdose, or a person who is the subject of another person seeking or obtaining medical assistance for that overdose as described in division (B)(2)(b) of this section.

R.C. 2925.11(B)(2)(a)(viii). A "minor drug possession offense" is a misdemeanor or fifth-degree-felony violation of R.C. 2925.11. R.C. 2925.11(B)(2)(a)(iv). R.C. 2925.11(A), in turn, prohibits any person from knowingly obtaining, possessing, or using a controlled substance or a controlled substance analog. In addition, R.C. 2925.11(B)(2)(e)(i) provides that the immunity set forth in the statute does not "[l]imit the admissibility of any evidence in connection with the investigation or prosecution of a crime * * * with regards to any crime other than a minor drug possession offense committed by a person who qualifies for protection pursuant to division (B)(2)(b) of this section for a minor drug possession offense."

{¶6} In *Akron v. Brown*, 9th Dist. Summit No. 28629, 2018-Ohio-4500, this Court considered whether the immunity provided by R.C. 2925.11(B)(2) extends to violations of Akron Municipal Code 138.11 and 138.28. This Court concluded that the terms of R.C. 2925.11(B)(2) are unambiguous:

The plain language of R.C. 2925.11(B)(2)(b) clearly provides qualified individuals with immunity for a minor drug possession offense pursuant to R.C.

4

Chapter 2925. A minor drug possession offense is defined, definitely and unambiguously, as a misdemeanor or fifth degree felony violation of R.C. 2925.11. Furthermore, R.C. 2925.11(B)(2)(e) explicitly prohibits construing R.C. 2925.11(B)(2)(b) so as to ["]limit the admissibility of any evidence in connection with the investigation or prosecution of a crime * * * with regards to any crime other than a minor drug possession offense committed by a person who qualifies for protection * * * for a minor drug possession offense."

(Emphasis omitted.) *Brown* at ¶ 8. Noting that there is no reason to look beyond the plain language of a statute that is unambiguous, this Court concluded that R.C. 2925.11(B)(2)(b) does not provide immunity for violations of Akron Municipal Code 138.11 and 138.28. *Brown* at ¶ 10.

{¶7} Mr. Pari and Ms. Pasco were charged with the same offenses that were at issue in *Brown*. Accordingly, this Court concludes that the trial court erred by dismissing the charges against them under R.C. 2925.11(B)(2). The City's assignment of error is sustained.

{¶8} In response to the City's assignment of error, Mr. Pasco and Ms. Pari have argued that failure to apply the immunity provided by R.C. 2925.11(B)(2) to them violates their rights to equal protection, to avoid self-incrimination, and to be free from unreasonable search and seizure. They have also argued that this Court "should hold that all minor drug possession offenses arising out of a single act of overdosing are allied offenses of similar import, requiring a merger and hence immunity for all charges in this case." (Emphasis omitted.) Each of these arguments is premature, and this Court declines to address them.

III.

{¶9} The City's assignment of error is sustained. The judgment of the Akron Municipal Court is reversed.

Judgment reversed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
CONCURS.

TEODOSIO, P. J.
CONCURRING.

{¶10} I concur with the majority opinion, but write separately to express concerns over the effect of the statute as written. It is clear that the chance of surviving an overdose greatly depends on how fast one receives medical assistance. Understanding that persons overdosing or witnessing an overdose hesitate to seek help or simply do not call for assistance out of fear of police involvement, the Ohio Legislature passed the "Good Samaritan" law to encourage more people to call 911 in the event of an overdose by providing immunity from being "arrested,

charged, prosecuted, convicted, or penalized" for low-level drug offenses, both for the person calling for medical assistance as well as the person who overdosed. Despite these intentions, the law does not provide immunity for drug paraphernalia offenses, and both the addicts who overdose and 911 callers are being charged with the possession of drug paraphernalia.

{¶11} Although it is the role of this Court to apply the statute as written and not presume legislative intent, it is counterproductive to deny immunity for drug paraphernalia offenses when the purpose of "Good Samaritan" legislation is to save lives by encouraging people to call for assistance in overdose situations. As written and enforced, R.C. 2925.11(B)(2) deters individuals from immediately calling 911 when confronted with an overdose situation. It also results in delayed reporting, because in order to avoid prosecution the caller is compelled to first remove any paraphernalia from the scene. If the legislature intended to save lives through the enactment of R.C. 2925.11(B)(2), it is imperative this oversight be corrected.

APPEARANCES:

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellant.

JOSEPH KODISH and SUSAN MANOFSKY, Attorneys at Law, for Appellee.

REBECCA SREMACK, Attorney at Law, for Appellee.