[Cite as *Akron v. J.B.*, 2019-Ohio-2203.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| CITY OF AKRON | | C.A. No. 29168 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| J.B. | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. 2018 CRB 07054 |

DECISION AND JOURNAL ENTRY

Dated: June 5, 2019

TEODOSIO, Presiding Judge.

{¶1}    Appellant, the City of Akron, appeals an order of the Akron Municipal Court that granted J.B.'s motion to dismiss the criminal charge against him.  This Court reverses.

I.

{¶2}    The facts underlying this appeal are not disputed.  On August 8, 2018, J.B. suffered a drug overdose.  The police officers who responded to the 911 call regarding J.B. discovered a crack pipe on his person.  J.B. was charged with possession of drug paraphernalia in violation of Akron Municipal Code 138.28.  J.B. moved to dismiss the charge, arguing that he was immune from prosecution under R.C. 2925.11(B)(2)(b)(i) because the police found the crack pipe when they responded to his need for medical assistance related to an overdose.

{¶3}    The trial court granted the motion, concluding that "protecting a 'qualified individual' * * * from prosecution for drug possession, but not protecting that person from

prosecution for the instruments used to take the drugs[,] results in an absurd and unreasonable consequence." The City appealed.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED APPELLEE'S MOTION TO DISMISS.

**{¶4}** The City's assignment of error argues that the trial court erred by granting J.B.'s motion to dismiss because the unambiguous language of R.C. 2925.11(B)(2) limits immunity to minor drug possession offenses. This Court agrees.

**{¶5}** Under R.C. 2925.11(B)(2)(b), a "qualified individual" cannot be "arrested, charged, prosecuted, convicted, or penalized" for a minor drug possession offense if:

(i) The evidence of the obtaining, possession, or use of the controlled substance or controlled substance analog that would be the basis of the offense was obtained as a result of the qualified individual seeking the medical assistance or experiencing an overdose and needing medical assistance.

(ii) Subject to division (B)(2)(g) of this section, within thirty days after seeking or obtaining the medical assistance, the qualified individual seeks and obtains a screening and receives a referral for treatment from a community addiction services provider or a properly credentialed addiction treatment professional [and]

(iii) Subject to division (B)(2)(g) of this section, the qualified individual who obtains a screening and receives a referral for treatment under division (B)(2)(b)(ii) of this section, upon the request of any prosecuting attorney, submits documentation to the prosecuting attorney that verifies that the qualified individual satisfied the requirements of that division. The documentation shall be limited to the date and time of the screening obtained and referral received.

A "qualified individual" is

a person who is not on community control or post-release control and is a person acting in good faith who seeks or obtains medical assistance for another person who is experiencing a drug overdose, a person who experiences a drug overdose and who seeks medical assistance for that overdose, or a person who is the subject of another person seeking or obtaining medical assistance for that overdose as described in division (B)(2)(b) of this section.

R.C. 2925.11(B)(2)(a)(viii). A "minor drug possession offense" is a misdemeanor or fifth-degree-felony violation of R.C. 2925.11. R.C. 2925.11(B)(2)(a)(iv). R.C. 2925.11(A), in turn, prohibits any person from knowingly obtaining, possessing, or using a controlled substance or a controlled substance analog. In addition, R.C. 2925.11(B)(2)(e)(i) provides that the immunity set forth in the statute does not "[l]imit the admissibility of any evidence in connection with the investigation or prosecution of a crime * * * with regards to any crime other than a minor drug possession offense committed by a person who qualifies for protection pursuant to division (B)(2)(b) of this section for a minor drug possession offense."

{¶6} This Court has considered whether the immunity provided by R.C. 2925.11(B)(2) extends to Akron Municipal Code 138.28 on two prior occasions. *See Akron v. Pari*, 9th Dist. Summit Nos. 29029, 29030, 2019-Ohio-1083; *Akron v. Brown*, 9th Dist. Summit No. 28629, 2018-Ohio-4500. In doing so, we have noted that the terms of R.C. 2925.11(B)(2) are unambiguous:

> The plain language of R.C. 2925.11(B)(2)(b) clearly provides qualified individuals with immunity for a minor drug possession offense pursuant to R.C. Chapter 2925. A minor drug possession offense is defined, definitely and unambiguously, as a misdemeanor or fifth degree felony violation of R.C. 2925.11. Furthermore, R.C. 2925.11(B)(2)(e) explicitly prohibits construing R.C. 2925.11(B)(2)(b) so as to ["]limit the admissibility of any evidence in connection with the investigation or prosecution of a crime * * * with regards to any crime other than a minor drug possession offense committed by a person who qualifies for protection * * * for a minor drug possession offense."

(Emphasis omitted.) *Brown* at ¶ 8. Because the plain language of R.C. 2925.11(B)(2) is unambiguous, this Court has declined to look beyond the language of the statute and has concluded that R.C. 2925.11(B)(2)(b) does not provide immunity for violations of Akron Municipal Code 138.28. *Pari* at ¶ 6, citing *Brown* at ¶ 10.

**{¶7}** J.B. was charged with a violation of Akron Municipal Code 138.28, which is one of the same offenses at issue in *Pari* and *Brown*. This Court's previous decisions compel the same result in this case and, as in *Pari*, J.B.'s arguments in response to the City's assignment of error are premature. *Pari* at ¶ 8. Nonetheless, we note our continuing concern that the plain language of R.C. 2925.11(B)(2)—which this Court must apply as written—is counterproductive. As enforced in this case, the statute has the potential to deter individuals from immediately calling 911 when confronted with an overdose situation and to result in delayed reporting because the threat of prosecution for possession of drug paraphernalia is ever present. This deterrent effect could be deadly, thwarting the very purposes that the Ohio legislature sought to achieve. Whether the result of an oversight or a deliberate decision, this situation should be remedied by the legislature.

**{¶8}** The City's assignment of error is sustained.

III.

**{¶9}** The City's assignment of error is sustained. The judgment of the Akron Municipal Court is reversed.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
CONCURS.

SCHAFER, J.
CONCURRING IN JUDGMENT ONLY.

{¶10} I agree with the majority's conclusion that R.C. 2925.11(B)(2)(b) does not provide immunity for J.B.'s charge for possession of drug paraphernalia. I write separately, however, because I disagree with the sentiment expressed regarding the alleged "deterrent effect" of the legislature's decision to include only minor drug possession charges in the immunity provision.

{¶11} R.C. 2925.11(B)(2)(b), as written, is certainly not without its flaws, but clearly this immunity provision was not designed to automatically absolve every individual associated with an overdose of the legal consequences of drug abuse. The statute provides for qualified and conditional immunity; it places the burden on an eligible and "qualified individual" seeking a grant of immunity to demonstrate that he or she has sought and obtained the required screening

and referral for treatment. Were the legislature to expand immunity to include offenses based on evidence of drug abuse instruments and paraphernalia—as it appears it is presently poised to do—it would do nothing to correct the various issues that law enforcement officers and prosecutors face in attempting to implement the immunity provision without court involvement. Therefore, I concur in judgment only.

APPEARANCES:

EVE V. BELFANCE, Director of Law, GERTRUDE E. WILMS, Chief Prosecutor, and BRIAN D. BREMER, Assistant Director of Law, for Appellant.

JOSEPH S. KODISH, Director, and SUSAN MANOFSKY, Summit County Legal Defender, for Appellee.